IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| TARRENCE THOMPSON, | |
| Plaintiff, | |
| v. | Civil Action No. 21-cv-02251 |
| WEXFORD HEALTH SOURCES, INC., JONATHAN EK, KIMBERLY LARSON, and DOE DEFENDANTS #1–3, in their individual and official capacities, | Judge Michael M. Mihm  Magistrate Judge Jonathan E. Hawley |
| Defendants. | |

**PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION TO EXTEND DEADLINE FOR HIS RESPONSE TO DEFENDANTS WEXFORD HEALTH SOURCES, INC. AND JONATHAN EK'S MOTION TO STRIKE AND PARTIAL MOTION TO DISMISS**

Plaintiff Tarrence Thompson ("Plaintiff" or "Mr. Thompson"), by and through his attorneys at Jenner & Block LLP, respectfully submits this reply in further support of his motion to extend the filing deadline for his response to Defendants Wexford Health Sources, Inc. and Jonathan Ek's (collectively, "the Wexford Defendants") Motion to Strike and Partial Motion to Dismiss ("Motion" or "Motion to Dismiss") by seven (7) days, from January 26, 2022 to February 2, 2022. In further support of his motion, Mr. Thompson states as follows:

1. The Wexford Defendants assert, in their Response to Plaintiff's Motion, that their objection to Plaintiff's motion to extend is based solely upon Plaintiff's refusal to agree to strike certain allegations in Plaintiff's Complaint. (Resp. ¶ 3.)

2. The allegations at issue describe Defendant Jonathan Ek's ("Dr. Ek's") professional disciplinary history and the misconduct he committed in his former practice as a physician.[1] The

---

[1] Mr. Thompson does not repeat the allegations here in response to the arguments Defendant Ek raises because the substance of the allegations are not relevant to a simple motion for extension of

facts Plaintiff alleged are freely available to the public online. *See, e.g.,* Andrew Knittle, *Troubled doctors routinely hired by veterans centers*, Tulsa World (Mar. 16, 2014), https://www.pressreader.com/usa/tulsa-world/20140316/281925950956090; Vallery Brown, *3 Oklahoma doctors lose licenses, are disciplined*, The Oklahoman (May 21, 2020 12:00 AM), https://www.oklahoman.com/article/3462794/3-oklahoma-doctors-lose-licenses-are-disciplined; Randy Ellis, *Oklahoma Board of Medical Licensure and Supervision delays decision on Perry doctor's license*, The Oklahoman (July 24, 2009. 12:00 AM), https://www.oklahoman.com/article/3387602/oklahoma-board-of-medical-licensure-and-supervision-delays-decision-on-perry-doctors-license.

3. The allegations are relevant to Mr. Thompson's claim under 42 U.S.C. § 1983 that Dr. Ek consciously disregarded and was deliberately indifferent to Mr. Thompson's medical conditions in violation of the United States Constitution. For example, the allegations show Dr. Ek's pattern of abusing his position of authority as a physician and violating patient welfare.

4. In their correspondence with counsel for the Wexford Defendants, Mr. Thompson's counsel explained that the allegations are not only relevant to the claims in the current operative complaint, but also to new claims he plans to assert in the amended complaint, which include claims for negligent hiring and institutional negligence against defendant Wexford Health Sources, Inc. ("Wexford").

5. A claim for negligent hiring under Illinois law requires a plaintiff to show "that the employee was unfit in a particular manner, which particular unfitness must have rendered the plaintiff's injury foreseeable to a person of ordinary prudence in the employer's position." *Doe v. Coe*, 135 N.E.3d 1, 14 (Ill. 2019) (citation and quotation marks omitted). The allegations regarding

---

time. Mr. Thompson reserves the right to describe these allegations in more detail in response to any motion directed to the pleadings.

Dr. Ek are thus relevant to Plaintiff's anticipated negligent hiring claim, for instance, because Wexford knew or should have known that Dr. Ek's history of misconduct as a physician rendered him particularly likely to violate his patients' welfare at Danville Correctional Center ("Danville"), where the extent of his authority relative to his patients was far beyond his authority in private practice. Wexford knew the inmates at Danville would have no other doctor to turn to for medical treatment and that Dr. Ek would be largely unsupervised on a day-to-day basis.

6. The facts of Dr. Ek's past misconduct are relevant to Plaintiff's anticipated institutional negligence claim, as well. "Illinois courts recognize a duty on the part of [a healthcare institution] to use reasonable care to discern the medical qualifications of persons who perform medical services" under the institution's authority. *Frigo v. Silver Cross Hosp. and Med. Ctr.*, 876 N.E.2d 697, 724 (Ill. App. 1st Dist. 2007), *as modified* (Sept. 20, 2007) (citations and quotation marks omitted). Further, "it is a breach of the hospital's duty of care to its patients to permit a physician whom the hospital knows or should have known is unqualified, or negligent, to practice on its premises." *Id*. (citation and quotation marks omitted). Thus, for example, the allegations relating to Dr. Ek's disciplinary history would serve as one basis for a claim that Wexford breached its duty to use reasonable care in determining Dr. Ek's qualifications for his position at Danville because, as stated above, his specific history of misconduct rendered him particularly unqualified to practice medicine in the setting of a correctional center.

7. The arguments above are examples that illustrate Plaintiff's good faith basis for including the allegations at issue in his Complaint and underscore that Plaintiff's anticipated amended complaint will moot the Wexford Defendants' arguments for striking the allegations in their Motion to Dismiss. Plaintiff will further develop and supplement those arguments, if necessary, in any motion practice concerning his amended complaint. What the arguments above

do *not* do—contrary to the Wexford Defendants' position in their Response—is bear directly upon the merits of Plaintiff's Motion for a simple extension of time of seven days to avoid wasting the Parties' resources and the time of this Court. The propriety of the allegations the Wexford Defendants seek to strike is an issue to be resolved through a motion to strike, if Dr. Ek still believes such a motion is appropriate after reviewing the amended pleading.

8. The Wexford Defendants' arguments against Plaintiff's motion demonstrate their confusion of the merits of their Motion to Dismiss and those of the instant Motion. They make the illogical argument that a plaintiff cannot demonstrate good cause under Rule 6(b) for an extension to respond to a motion to strike where the requested extension would prolong the docketed existence of the material to be stricken; they cite no authority in support. (Resp. ¶ 5.) Plaintiff has the right under Rule 15(a)(1)(B) to file an amended complaint by February 2, 2022. And Local Rule 7.1(E) provides that an amended complaint would moot the Wexford Defendant's pending motion.

9. Put simply, the one-week extension Mr. Thompson requests will not, as the Wexford Defendants protest, "allow[] him to avoid accounting for" the allegations concerning Dr. Ek. (*Id*.) Instead, it will merely allow the Court, as well as the Parties, to avoid wasting time and resources on the briefing of a motion to dismiss that will be moot.

WHEREFORE, for the foregoing reasons, Plaintiff requests that this Court grant his Motion to Extend Deadline for His Response to Defendants Wexford Health Sources, Inc. and Jonathan Ek's Motion to Strike and Partial Motion to Dismiss by setting a deadline for Plaintiff to respond to the Wexford Defendants' Motion or amend his complaint by February 2, 2022 and further order that all Defendants respond to any amended pleading by March 4, 2022.

Dated:  January 21, 2022                                        Respectfully submitted,

5

By: /s/ *Jason M. Bradford*
Jason M. Bradford
Brian B. Druchniak
Jenner & Block LLP
353 N. Clark Street
Chicago, IL  60654-3456
Tel: (312) 222-9350
Fax: (312) 527-0484

*Attorneys for Plaintiff Tarrence Thompson*